IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE WILSON, ROBERT FIORETTI, EARL C. WILLIAMS, EUGENE WOLF, NINA STONER, MINOR J. ALLEN JR., GERALDINE YOUNG, FRANCISCO RODRIGUEZ,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF CHICAGO BOARD OF ELECTION COMMISSIONERS, a municipal agency, MARISEL A. HERNANDEZ, Chair, WILLIAM J. KRESSE, Commissioner, and JUNE A. BROWN, Commissioner, each in their official capacities as members of the Chicago Board of Election Commissioners,<br><br>    Defendants. | No. 2022-cv-4577 |

**Emergency Motion For Preliminary Injunction
and/or Temporary Restraining Order**

Plaintiffs file their emergency motion for preliminary injunction, as follows, and respectfully request that this Honorable Court enter a preliminary injunction and/or temporary restraining order pursuant to Federal Rules of Civil Procedure, Rule 65(a) and (b), enjoining Defendants from the wrongful and unconstitutional denial of Plaintiffs' rights under the Illinois Election Code, the Voting Rights Act, and the United States Constitution.

A. **Standard for preliminary injunction.**

To obtain a preliminary injunction, Plaintiffs must show the following: "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014) (citing *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011)). "If this showing is made, 'the court weighs the competing harms to the parties if an injunction is granted

1

or denied and also considers the public interest.'" *Id*. (quoting *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013)).

The "equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor." *Id.* Thus, in First Amendment cases, "the likelihood of success on the merits is usually the decisive factor." *Wisconsin Right to Life, Inc.,* 751 F.3d at 830. The substantive standard for issuing a temporary restraining order is essentially the same. See *Merrill Lynch, Pierce, Fenner & Smith v. Salvano*, 999 F.2d 211, 214 (7th Cir. 1993); see also *Bryant v. Matvieshen*, 904 F.Supp.2d 1034, 1042 (E.D. Cal. 2012).

Plaintiffs have met the requirements for injunctive relief, as they have no adequate remedy at law for denial of their First Amendment right. The balancing of harms also ways heavily in favor of Plaintiffs, and based upon the express provisions of the Election Code, 10 ILCS 5/11-3, 10 ILCS 5/.11-4.2, and 10 ILCS 5/11-6, they are likely to prevail upon the merits.

C. **Injunctive relief requested.**

Plaintiffs respectfully request that this Honorable Court enjoin the Defendant, CBEC to the extent necessary for consistent enforcement, for the duration of this litigation, to:

(a) open, maintain, staff, and allow in-person voting at all precincts and polling locations that were maintained and operated at the June 2022 primary election in Chicago;

(b) prominently notify the public at the CBEC website and at all of physical office locations of the foregoing precincts and polling locations;

(c) and for all other relief this Court deems just.

Plaintiffs' attorney certifies that counsel for each Defendant has been contacted and provided copies of the Plaintiffs' Complaint, this Motion, and Plaintiffs' Proposed Order (attached as Exh. A).

Wherefore, Plaintiffs, for the foregoing reasons respectfully request entry of a preliminary injunction directing Defendant, CBEC, as follows:

(a) open, maintain, staff, and allow in-person voting at all precincts and polling locations that were maintained and operated at the June 2022 primary election in Chicago;

(b) prominently notify the public at the CBEC website and at all of physical office locations of the foregoing precincts and polling locations;

(c) and otherwise as just and appropriate and/or agreed to between the parties, to protect Plaintiffs' First and Fourteenth Amendment rights.

Respectfully submitted:

By:      /s/Andrew Finko
           Attorney for Plaintiffs

Andrew Finko
166 W. Washington St. / Suite 400
Chicago, IL 60602
Ph (773) 480-0616
Em Finkolaw@Fastmail.FM

## Certificate of Service

The undersigned an attorney, certifies under penalties of perjury that on November 1, 2022, he filed the foregoing motion with the ECF/CM system for the Northern District of Illinois, Eastern Division, which sends an email with a download link to all counsel of record.

    /s/ Andrew Finko

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE WILSON, ROBERT FIORETTI, EARL C. WILLIAMS, EUGENE WOLF, NINA STONER, MINOR J. ALLEN JR., GERALDINE YOUNG, FRANCISCO RODRIGUEZ, <br><br> Plaintiffs, <br><br>v. <br><br>CITY OF CHICAGO BOARD OF ELECTION COMMISSIONERS, a municipal agency, MARISEL A. HERNANDEZ, Chair, WILLIAM J. KRESSE, Commissioner, and JUNE A. BROWN, Commissioner, each in their official capacities as members of the Chicago Board of Election Commissioners, <br><br> Defendants. | No. 2022-cv-4577 |

### Order
### (proposed)

This matter coming before the court on Plaintiffs' emergency motion for preliminary injunction, it is hereby ordered

1. The court makes the following findings of facts and applications of law:

    (a) Plaintiffs are likely to prevail since the CBEC has not complied with the Election Code, 10 ILCS 5/11-3, 11-4.2, and 11-6 in its redistricting of precincts and polling locations;

    (b) Plaintiffs have no adequate remedy at law;

    (c) The cost associated with operating polling locations is negligible compared to denial of First amendment voting rights;

2. Based upon the circumstances and facts set forth in the Plaintiffs'

1

Complaint and their emergency motion, a preliminary injunction is proper and necessary to preserve the rights of the Plaintiffs, and their motion is granted.

3. Defendant, Chicago Board of Election Commissioners is directed as follows:

(a) open, maintain, staff, and allow in-person voting at all precincts and polling locations that were maintained and operated at the June 2022 primary election in Chicago;

(b) prominently notify the public at the CBEC website and at all of physical office locations of the foregoing precincts and polling locations;

(c) and otherwise as just and appropriate and/or agreed to between the parties, to protect Plaintiffs' First and Fourteenth Amendment rights.

4. The court retains jurisdiction to enforce this order, and enter further relief as necessary, and this order shall remain in effect until further order.

E N T E R E D:

_____

Hon. Joan Lefkow